KEROSENE MOTOR & TRACTOR COMPANY, a Corporation, Appellant, v. T. G. DOUGLASS & JAMES M. DOUGLASS, Respondents.

Springfield Court of Appeals, May 8, 1922.

1. **SALES:** Evidence Held to Warrant Submission to the Jury of the Issue of Damages from Breach of Warranty. In an action on a note for the balance due on a tractor, in which defendant filed a counterclaim for breach of warranty, evidence *held* sufficient to warrant submission to the jury of the issue of damage to defendant from defects in the tractor.

2. **TRIAL:** Remarks of Court and Counsel During Argument, Held Error. In an action on a note for the balance due on a tractor, in which defendant interposed a counterclaim for breach of warranty, remarks of defendant's counsel as to tendering the tractor

210 M. A.—31

back to plaintiff, as to which there was no evidence, and the court's statement, in response to an objection to such remark, that the jury could not decide what was to become of the tractor, was error, as tending to confuse the jury on the question of damages; defendant, under the issues, being entitled to keep the tractor.

Appeal from Dunklin County Circuit Court.—*Hon. W. S. C. Walker,* Judge.

REVERSED AND REMANDED.

*Hugh B. Pankey* for appellant.

(1)   The province of the appellate court extends in its review of the findings of the pertinent facts by a jury or trial court to ascertain if the judgment is supported by any substantial testimony, and if there is no substantial evidence the court will reverse the same, regardless of the findings of the jury. Scroggins v. Metropolitan Street Ry. Co., 138 Mo. App. 215, 120 S. W. 731; Stumpe v. Koff, 201 Mo. 412, 99 S. W. 1073; Gillespie v. Bank of Chillicothe, 181 S. W. 1198; Adam Roth Grocery Co. v. Hotel Monticello Co., 183 Mo. App. 429, 166 S. W. 1125; In re Lankford's Estate, 272 Mo. 1, 197 S. W. 147; Markland v. Brotherhood of American Yeoman, 210 S. W. 774.   (2)   A finding of a fact by a jury or a trial court is only conclusive where there is substantial evidence to support it. Scroggins v. Metropolitan Street Ry. Co., 138 Mo. App. 215, 120 S. W. 731; Stumpe v. Koff, 201 Mo. 412, 99 S. W. 1073.   (3)   In conceding the absolute verity of defendant's testimony the court erred because there is no substantial testimony on which to found the verdict for Eleven Hundred and No-100 Dollars ($1100). Testimony as to damages, Ab. p. 22, last paragraph; Ab. p. 23, second paragraph; Ab. 23, last paragraph; Ab. p. 24; Ab. p. 26; "Could not tell value of truck at time of delivery to him" (Ab. p. 28); His testimony as to value, if any, is of a later date. (Ab. p. 44).   (4)   Because said instructions contain unwarranted comments on the evidence and assume the truth

of certain evidence when the same should have been submitted to the jury for their findings and should have had the elements of representations prefaced so that the jury would have understood that it was for them to make their findings on different elements of representations rather than of plain declarations of said representations by the court as this instruction invades the province of the jury. Moody v. Cowherd, 199 S. W. 586; Hearon v. Himmelberger Harrison Lumber Co., 224 S. W. 67; Swink v. Anthony, 96 Mo. App. 420, 70 S. W. 272; Hester v. Fidelity Casualty Co. of New York, 76 Mo. App. 505; Rice v. Jefferson City Bridge & Transit Co., 216 S. W. 746; Clark v. St. Joseph Terminal R. R., 242 Mo. 570, 148 S. W. 472. (5) Because said instructions contained assumption of material converted facts not proven, namely, that any representations were made with intent that they be relied on. Abstract of the record; Orris v. Chicago R. I. & P. Ry. Co., 214 S. W. 124; Oliver v. St. Louis San Francisco Ry. Co., 211 S. W. 699; Gunn v. Hemphill Lumber Company, 218 S. W. 978; Miller v. Bussey, 186 S. W. 983; Wyandotte Kansas City & Northwestern Ry. Co. v. Waldo, 70 Mo. 629; Connor v. Metropolitan Life Insurance Co., 78 Mo. 131; Hunt v. City of St. Louis, 211 S. W. 673. (6) Because the instruction numbered 2 is confusing and misleading. Scott v. Boeckeler Lumber Co., 186 S. W. 1104; Robertson v. Kochlitzky, 217 Mo. 543; Klamp v. Rodewall, 19 Mo. 44.

*McKay & Jones* for respondents.

(1) And the testimony of respondent alone, to say nothing of the corroborating testimony and circumstances, was sufficient to take this case to the jury on the counterclaim filed by respondent. Emerson-Brantingham Implement Co. v. Simpson, 217 S. W. 559, 205 Mo. App. 56; Adams v. Hughes, 235 S. W. 168; Parrett Tractor Co. v. Brown, 233 S. W. 706; Shaw v. King, 227 S. W. 850; Linderman v. Carmin, 255 Mo. 66; International Harvester Co. v. Capps, 205 S. W. 252; Saxony

Mills v. Huck, 208 S. W. 868. (2) And appellant can't complain as it requested no instruction on damages. See Appellant's Abstract, page 77, Assignment No. 10, Motion for New Trial; See Testimony of Witness Manley, Respondent's Additional Abstract; Menihan Co. v. Shoe Co., 206 S. W. 232; Implement Co. v. Simpson, 205 Mo. App. 56; Adams v. Hughes, 235 S. W. 168; Harvester Co. v. Capps, 205 S. W. 252; Saxony Mills v. Huck, 208 S. W. 868; Rigley v. Prior, 233 S. W. 832. (3) Respondent's testimony was that the tractor and plow were of no value to him, and was corroborated by other testimony in the case, at the time of its delivery to him. The price paid for said tractor and plow is sufficient evidence to find the value of the tractor and plow on date of delivery if it had been as represented to be. Adams v. Hughes, 235 S. W. 168; Implement Co. v. Simpson, 205 Mo. App. 56; Harvester Co. v. Capps, 205 S. W. 252; Hudgings v. Burge, 194 S. W. 886; Hope Engineering & Supply Co. v. Lightfoot, 193 S. W. 624. (4) The error here committed was prejudicial to respondent, and is reflected in the verdict; the respondent having made the only kind of a tender possible, considering the character of the machinery and had kept such tender good in his pleading by tendering same in court. Andrews v. Bank, 234 S. W. 519; Adams v. Hughes, 235 S. W. 168; Hudgings v. Burge, 194 S. W. 886; Hope Engineering & Supply Co. v. Lightfoot, 193 S. W. 624.

COX, P. J.—Action upon a note. Defendant T. G. Douglass filed a counterclaim. A peremptory instruction to find for plaintiff on the note for $564.51 was given. The issue raised by the counterclaim was submitted to the jury and they found for defendant thereon for $1100. The court struck the balance and rendered judgment for defendant against plaintiff for $539.49 and plaintiff appealed.

Plaintiff had sold defendant T. G. Douglass a Parrett Tractor and one Three Bottom Plow for $1500. Defendant paid $1000 and gave the note in suit for the

balance. When sued on the note, defendant, T. G. Douglass, by answer and counterclaim alleged that the plaintiff by its agent had represented and warranted to him at the time of the purchase that the engine on said tractor would pull with ease and satisfaction the three-bottom plow sold with said tractor; also that said engine would pull as much as six horses and would pull a ten foot double disc; that said tractor and plow were of good quality of material; that it was possible to handle the Parrett Tractor just as easily as the very finest automobile; that he relied on these representations and warranties and was induced thereby to make the purchase. That these representations were not true; that the plow would pull only two of the plows instead of three; would not pull as much as six horses; would not pull a ten foot double disc; was of inferior quality in several particulars mentioned. That he had to pay $56 for a new motor block and then had to buy another motor block at a cost of $97.50 and had to buy a new spur gear at a cost of $46.25; that if the tractor had been as represented and warranted, it would have been worth $1500 but as it was, it was of no value for the purposes for which he had purchased it and in addition he had expended $500 for labor and garage bills and in all had been damaged $2000 for which he asked judgment. The answer also tendered the tractor back to plaintiff.

The appellant contends that the evidence was not sufficient to take to the jury the question of damages on account of the matters alleged in the counterclaim. It is claimed that there is no evidence as to the value of the machine when delivered to plaintiff. No witnesses testified directly on that question. The evidence is, that the agent of plaintiff went to the farm of defendant and started the tractor to work about August 23, 1917, and plowed one acre with it on that day. That it was used in ground that had been previously plowed and worked well. The tractor was then delivered to defendant, the $1000 paid and the note executed. One witness testified that he operated the tractor for defendant in August, 1917, and

could not then pull three plows with it. This latter testimony is all the evidence that indicates there might have been anything wrong with the tractor when delivered. On September 12th thereafter, the defendant wrote plaintiff that "so far as the engine has done fine." It was shown that afterward in September or October, 1917, the engine got so it would not work. Defendant then purchased a new water jacket for it at a cost of $56. The tractor was not used in the spring of 1918 but in June or July of that year, he needed to plow wheat stubble and tried to make the tractor plow but could not. He wrote the company and a man was sent to see what the trouble was. He advised new pistons, new piston rings and wrist pin. At some time, though just when is not shown, a new motor block, pistons and spur gear were put in. The cylinders were then scored. The spur gear had been broken. Why a new water jacket was necessary is not shown.

It is not directly shown whether any of these repairs were necessary by reason of any defect in the tractor at the time of delivery or whether they were made necessary by something that happened afterward. According to defendant's testimony, it did not work satisfactorily after these repairs were made. The fact that they were found to be necessary so soon after the purchase is some evidence from which the jury might find that the tractor was not right when delivered. The evidence as to these repairs went in without objection and there was some evidence that the engine would not pull three plows in ground in normal condition but would only pull two. We think there was sufficient evidence to justify the jury in finding that the tractor when delivered was of less value than $1500, the price for which it had been sold.

The plaintiff complains of Instruction Nos. 1 and 2 for defendant and insists that they contain unwarranted comments on the evidence and assume the truth of controverted facts and were confusing and misleading. We agree with appellant that if the instructions were open to the objections levelled against them, the error would

be reversed but we have carefully examined them and cannot agree that they are open to those objections.

Objection is made to the remarks of counsel for defendant and the court during the argument. This matter appears in this record as follows:

"During the closing argument of Mr. Jones for the defendant, the following proceedings were had:

"Mr. Pankey: We object to what his pleading states there, his proof doesn't show that he made a tender back of this machine.

"Mr. Jones: Mr. Douglas testified to that.

"Mr. Pankey: I questioned him on that; I asked him if he had made a tender back to them and he said he offered one time to sell it back to them, that's the way I remember the testimony.

"The Court: Yes sir, that's his testimony.

"Mr. Jones: I say we have the right to make a tender in Court, if they give the judgment we pray for, and we will do that in this case, we don't want the thing, they can come down and get it, it is in our way.

"Mr. Pankey: We object to the remarks made by counsel for defendant in his closing argument, if the Court pleases.

"Mr. Jones: If the Court thinks it is not competent, I'll withdraw it.

"The Court: Well, it ought to have been settled before the case went to the jury; the jury ought to know whether the tractor goes back to the plaintiff if they give a judgment for the defendant or whether the tractor remains the property of Mr. Douglass.

"Mr. Jones: We are willing to show that in disposing of this the tractor and plow goes back to them; we don't want it.

"Mr. Pankey: At this time we are objecting to any matter of tender being brought before the jury, and right now the plaintiff thinks that the remarks made, and these things that have been brought out before the jury, when they are not in any way brought out by the proof in the case is very detrimental.

"The Court:   The Court will sustain your objection to what Mr. Jones said, because there has been no proof that it has been tendered back to them, and of course, the jury will disregard the remarks of the Court to the effect that it ought to have been settled before it went to the jury what will become of this tractor as it was not submitted to you by proof.  I don't know anything further to say, except to say that you can't decide what will become of the tractor.''

From the foregoing it appears that defendant's counsel wanted the jury to understand that defendant did not want the machine and that he wanted plaintiff to have it.  This, evidently, for the purpose of increasing the damages to be allowed defendant in case the finding should be for him.  After the colloquy between the court and counsel, the court finally sustained the objection to what Mr. Jones had said and admonished the jury to also disregard what the court had said and then informed them that they could not decide what was to become of the tractor.  The instruction on the measure of damages was based on the defendant retaining the tractor.  The court had held that the evidence did not show a tender back of the tractor before suit was brought and the question of rescission was not submitted to the jury.  If the defendant wished to rescind, he should have tendered back promptly on discovery of the defects in the machine.  The evidence did not show that he had done that, and hence, the only course left open to him was to retain the machine and counterclaim for damages.  The court recognized that fact and correctly instructed the jury that the measure of damages was the difference in value between the machine as represented to be and as it in fact was at the time of delivery.  While this instruction was correct, yet it could only be correct in a case where the defendant retains the property.  In the colloquy between the counsel on both sides and the court during the argument of counsel for defendant Mr. Jones was insisting all the time that the plaintiff take back the machine and the court does not tell the jury that plaintiff cannot be

required to do so but does tell the jury that they cannot decide what will become of the tractor. In that the court was wrong for under the evidence in this case, the defendant must keep the tractor and account for its actual value at the time of delivery. The jury ought to have understood that fact in making a finding as to the amount of damages but since the court had orally told them that they could not decide what was to become of the tractor, they were placed in an awkward position and were probably confused and we cannot tell whether they thought defendant was damaged $1100 if he kept the machine or was damaged $1100 in case plaintiff got the machine back. There is no way by which we can tell whether or not the jury understood that defendant was to keep the machine or whether they would have rendered a verdict for him for $1100 had they known of a certainty, as they should have known, that defendant must retain the machine. In that situation, we think error was committed and the judgment is therefore reversed and the cause remanded. *Farrington, J.*, and *Bradley, J.*, concur.